IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH BELLE | : | |
| | : | |
| v. | : | CIVIL NO. L-02-3309 |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., et al. | : | |

**MEMORANDUM**

Pending before the Court is Defendant NCO Financial Systems, Inc.'s motion to dismiss the class action allegations in Count I of Plaintiff's Complaint. The issues have been fully briefed by the parties, and no oral argument is necessary. See Local Rule 105.6 (D. Md. 2001). For the reasons set forth below, the Court will, by separate Order, DENY Defendant's motion, without prejudice to renewal of Defendant's arguments when Plaintiff files a motion for class certification.

**I.      Background**

Plaintiff Deborah Belle ("Plaintiff") filed the instant class action against NCO Financial Systems, Inc. ("Defendant") and John Doe, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f. Plaintiff accuses Defendant, which collects debts on behalf of other entities, of "using the September 11, 2001, tragedy to coerce debtors into providing [Defendant] with post-dated checks as payment on the debtors' accounts." (Complaint ("Compl.") ¶ 1.) Defendant has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the class action allegations of Plaintiff's Complaint, contending that Plaintiff has failed to assert sufficient facts to support a class action.

**A.     Plaintiff's Factual Allegations**

Plaintiff claims that on October 10, 2001, an employee of Defendant contacted her regarding the collection of her debt relating to her American Express Account. (Id. ¶¶ 8, 10.) The employee, referred to by Plaintiff as Mr. Ewald, informed Plaintiff that because of the events of September 11, 2001, it was Defendant's policy to no longer accept payments through the mail. Rather, Defendant would accept post-dated checks over the phone.[1] (Id. ¶ 12.) Plaintiff alleges that Mr. Ewald told her that if she did not make the payments on her account, she would incur substantial penalties. (Id.)

Accordingly, Plaintiff provided Mr. Ewald with three post-dated phone checks, each in the amount of $275. (Id. ¶ 13.) In late October 2001, Plaintiff requested that Mr. Ewald change the amount of her first post-dated check to $175. (Id. ¶ 15.) Although Mr. Ewald agreed to change the amount of the check, Defendant cashed the check for the original amount of $275, without providing written notification to Plaintiff that Defendant was going to deposit the check. (Id. ¶¶ 16, 18, 19.)

Plaintiff subsequently instructed Mr. Ewald to destroy the other two post-dated checks, to which Mr. Ewald agreed. (Id. ¶¶ 22, 23.) Despite her instructions to Mr. Ewald, Plaintiff later received a notice from Defendant stating it was going to deposit another post-dated check in the amount of $275. (Id. ¶ 24.) After receiving this notice, Plaintiff placed a stop payment on that check and all other post-dated checks she had provided to Defendant. (Id. ¶ 25.)

**B.     Plaintiff's Class Action Claim**

---

[1] According to Defendant, a "'phone check' is a negotiable instrument created and printed by the payee using the bank institution and account micro-encoding information printed across the bottom of the checks of the payor. It visually resembles a real check but is signed by the payee and references an authorization by the payor." (See Def.'s Mem. Supp. Mot. Dismiss, at 5 n.2.)

Plaintiff sets forth three counts in her Class Action Complaint based on the above-described factual allegations. Count I is applicable to the entire class, whereas Counts II and III apply only to Plaintiff. Defendant's motion to dismiss applies only to Count I, and the Court, therefore, will focus on that count.

In Count I, Plaintiff claims that "[o]n information and belief, starting on or about September 11, 2001, as a means of collecting its debts, [Defendant] informed class members that they were not accepting payments through the mail due to the tragedy that occurred on September 11, 2001, the purpose of which was to coerce debtors into providing [Defendant] with post-dated checks over the telephone." (Id. ¶ 39.) Plaintiff alleges that Defendant's use of the September 11th tragedy to coerce debtors into providing post-dated checks is unfair and unconscionable. (Id. ¶ 40.) Accordingly, Plaintiff claims that Defendant's actions violated the FDCPA, which provides, in part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Plaintiff alleges in her Complaint that the requirements for a class action are met. First, she alleges that the class satisfies the four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of representation.[2] (Compl. ¶¶ 27-33.)

Second, Plaintiff avers that this action satisfies the requirements of Rule 23(b)(3), which

---

[2]Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

3

provides that an action may be maintained as a class action if the requirements of Rule 23(a) are satisfied and "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); see also Compl. ¶¶ 34-36.

### C. Defendant's Motion

Defendant has moved, pursuant to Rule 12(b)(6), to dismiss the class allegations contained in Count I of Plaintiff's Complaint.[3] Specifically, Defendant contends that Plaintiff has failed to assert sufficient facts to support a class action and that Plaintiff's conclusory statements are insufficient to support a class action complaint as a matter of law. Plaintiff opposes Defendant's motion, arguing that she has sufficiently pled allegations to support the existence of a class and that, even if the Court does not conclude that her allegations are sufficient, she should be permitted to conduct discovery to determine the existence of the class.

## II. Standard of Review

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim that entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a)

---

[3] Although Defendant's motion suggests that Defendant is moving for dismissal of Count I as it applies both to the class and to Plaintiff, individually, Defendant clarified in its reply brief that its motion is directed only to the class action allegations in Count I. (Def.'s Reply Mem., at 1-2.)

demand only a "short and plain" statement of the claim.  In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

**III.    Analysis**

Rule 23 of the Federal Rules of Civil Procedure governs class actions.  Rule 23(c)(1) provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."  Fed. R. Civ. P. 23(c)(1).  Rule 23 also sets forth a two-step process that courts use in determining whether to certify lawsuits as class actions under the rule.  First, the class must satisfy the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  Second, if those requirements are satisfied, the class then must fall under one of the categories set forth in Rule 23(b).  Id. 23(a), 23(b); see also Miller v. Baltimore Gas & Elec. Co., 202 F.R.D. 195, 198 (D. Md. 2001).

Plaintiff alleges in her Complaint that the Rule 23(a) and (b) requirements for a class action are satisfied.  (See Compl. ¶¶ 27-36; supra I.B.)  Defendant is challenging those allegations in its motion to dismiss.  A motion to dismiss under Rule 12(b)(6), however, is an inappropriate vehicle for testing compliance with the requirements of Rule 23.[4]  Rather, a defendant "wishing to challenge the validity of

---

[4]See Charles Alan Wright, et al., Federal Practice and Procedure § 1798, at 431 (2d ed. 1986) ("[C]ompliance with the Rule 23 prerequisites to a class action . . . should not be tested by a motion to dismiss for failure to state a claim . . ."); see also West v. First Pennsylvania Bank, N.A., 1990 WL 106858, at *8 (E.D. Pa. 1990) (stating that "the issue of whether plaintiff's class action

maintaining [an] action under Rule 23 should move for a determination under Rule 23(c)(1) that a class action is unwarranted." Wright, et al., supra.  Defendant, by filing the instant Rule 12(b)(6) motion to dismiss, is essentially asking the Court to forego the Rule 23(c)(1) class-certification process and dismiss the class allegations on the basis of the pleadings alone.  The Court declines Defendant's invitation.

This case is still in its early stages, and Plaintiff, who has the burden of establishing that the Rule 23 requirements are satisfied, has not had the opportunity to conduct any discovery regarding the class allegations.  It is, therefore, too early to rule on the class-certification issue.  See Miller, 202 F.R.D. at 201 (denying without prejudice defendants' motion to dismiss the class claims because plaintiffs had not had the benefit of any discovery in their attempt to establish the right to class certification under Rule 23); Oxman, 595 F. Supp. at 562 (stating that plaintiff should be "given a short amount of time to add meat to his class allegations" and allowing the parties to complete discovery concerning class certification before plaintiff files a motion requesting class certification).

**IV.    Conclusion**

Accordingly, the Court will, by separate Order: (1) DENY Defendant's motion, without prejudice to renewal of Defendant's arguments when Plaintiff files a motion for class certification; and (2) ORDER the parties to submit, within two weeks from the date of this Memorandum, a joint status

---

fulfills the requirements of Rule 23(a) is not ripe for decision until a motion for determination of the class is properly before the Court" and denying defendant's motion to dismiss without prejudice to renewal of defendant's arguments when plaintiff files a motion for class certification); Oxman v. WLS-TV, 595 F. Supp. 557, 561-62 (N.D. Ill. 1984) (although court noted that defendant raised valid concerns about the appropriateness of class certification, the court denied the defendant's motion to strike class allegations as premature).

report, pursuant to the Order of even date.


Dated this 22nd day of July, 2003.

                _____/s/_____
                Benson Everett Legg
                Chief Judge