UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BELLE,<br>Individually, and on behalf<br>of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>A Pennsylvania Corporation<br><br>Suite 210<br>891 Elkridge Landing Road<br>Lintchcum, Maryland 21090<br><br>and<br><br>JOHN DOE<br><br>　　　　Defendants. | NO. L 02 CV 3309 |

## MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT/DISMISSAL AND AWARD OF COSTS AND ATTORNEYS' FEES

Defendant, NCO Financial Systems, Inc. ("NCO"), submits this Memorandum in Support of its Motion for Partial Summary Judgment seeking to dismiss Count I of the Class Action Complaint and all class claims pursuant to Fed. R. Civ. P. 56 and Fed. R. Civ. P. 41(b). The undisputed facts show that the class allegations are insupportable as a matter of law and the Court-imposed deadline for plaintiff to move to certify the class has expired. In addition to dismissal, pursuant to either or both 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927, NCO requests the Court award its costs and attorneys' fees in defending the class claims.

## FACTS

On October 7, 2002, plaintiff commenced this Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, lawsuit by filing a Class Action Complaint. Plaintiff alleges NCO violated the FDCPA in its attempts to collect a debt owed by plaintiff to American Express. *See* Complaint, ¶¶1, 10. According to ¶ 32 of the Complaint, plaintiff alleged that NCO had a "practice of telling a debtor that it could no longer accept payments through the mail due to the tragedy that occurred on September 11, 2001, to coerce the debtor into provided [sic] NCO with post dated checks . . . ." Plaintiff contends that this alleged practice potentially violates the FDCPA. *See* Complaint, ¶ 32.

In response to plaintiff's First Set of Interrogatories, NCO refuted plaintiff's unsupported class allegations and refuted that NCO changed its collection polices and practices post September 11. *See* Response to Plaintiff, Deborah Belle's, First Set of Interrogatories, No. 14 (Exh. "A")("There were no significant changes in the manner in which Amex accounts placed with the Buffalo office [were] collected as a result of the September 11 tragedy; *see also id.*, No. 23 ("NCO has always and continues to accept payments by mail, or any other method, from all debtors.").

Despite 2 extensions by this Court to conduct additional discovery on class issues (*see* Order of Nov. 7, 2003; Order of January 8, 2004), plaintiff conducted no further discovery. The cutoff date for discovery was Mar. 2, 2004. *See* Order of January 8, 2004. Therefore, NCO's responses to the initial discovery refuting the alleged

wrongful "practice" attached hereto is the only record evidence with respect to the class claims.

## PROCEDURAL HISTORY

On Dec. 12, 2002, NCO moved to dismiss the Class Action Complaint. NCO contended that absent some factual basis to assert that there existed a pattern or practice of NCO to treat other debtors similarly, plaintiff could not support class recovery. The Court denied NCO's Motion, explaining: "This case is still in its early stages, and Plaintiff, who has the burden of establishing that the Rule 23 requirements are satisfied, has not had the opportunity to conduct any discovery regarding the class allegations. It is, therefore, too early to rule on the class-certification issue." Memorandum of the Court Denying Defendant's Motion to Dismiss Class Action Allegations (Jul. 22, 2003), p. 6.

Notwithstanding the Court granting 2 extensions of time to complete discovery following the denial of NCO's Motion to Dismiss, plaintiff failed to substantiate her class allegations. The deadline to seek class certification was Mar. 23, 2004 (*see* Order of January 8, 2004). Plaintiff failed to move for class certification within the deadline.

## STANDARD

With the passing of the deadline to request class certification, Rule 23 presents no impediment for summary dismissal of the class claims. The class claims should be dismissed on this basis alone—pursuant to Fed. R. Civ. P. 41(b). NCO further submits the undisputed evidence of this case shows that the class claims must be dismissed.

Under Fed. R. Civ. P. 56(c), summary judgment is proper when "the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue of material facts that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). The movant bears the burden of establishing no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). If the movant meets the burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *See Celotex*, 477 U.S. at 323-24. "If the nonmovant fails to establish an essential element of its claim, summary judgment is appropriate." *McClain v. South Carolina Nat'l Bank*, 105 F.3d 898, 901 (4th Cir. 1997).

## LAW AND ARGUMENT

Plaintiff has failed to conduct class discovery and similarly failed to request certification within the period ordered by the Court. The Court need not undertake a Rule 23 analysis for this Motion. In addition to the procedural grounds supporting a Rule 41(b) dismissal, there is no record evidence establishing that there no change in the manner in which NCO collected accounts post September 11.

**1. There Is No Evidence of Any Check "Policy"**

The allegation that an actionable statement was made by NCO collectors as some form of a policy or practice to unidentified putative class members is without any evidentiary basis. In fact, the record evidence shows that there was neither a check "policy" nor any application of a "policy" to the proposed class.

4

The Court's discovery cutoff has passed. Plaintiff has no evidence of a complained of policy. The only record evidence refutes the existence of such a policy. *See* Exh. "A" (NCO's Interrogatory Responses), Nos. 14 and 23. In sum, NCO submits that the class action portion of the Complaint in this case remains as baseless as it was from the beginning of this suit, and should be dismissed. *See McClain*, 105 F.3d at 901.

### 2. Under the FDCPA, NCO Is Entitled To An Award For Costs And Attorney's Fees

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Considering that plaintiff and her counsel:

- lacked evidence to support class allegations at the onset;

- fought through motion practice to continue this suit as a putative class action in order to complete discovery; and

- sought and availed themselves of 2 extensions of time to complete such discovery but <u>sought none</u>, only to later abandon class claims altogether;

NCO submits there is sufficient evidence of "bad faith" or "harassment" by plaintiff in initiating and maintaining this case as a putative class action.

The jurisprudence is replete with condemnation of filing insupportable class action Complaints. *See, e.g.*, *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331 (4th Cir. 1998)(recognizing the "real risk . . . of a composite case being much stronger than any plaintiff's individual action would be."); *In the Matter of Rhone-Poulenc Rorer,*

5

*Inc.* 51 F.3d 1293 (7th Cir. 1995) (NO. 94-3912) (noting tendency of class action complaints to "blackmail settlements").

Moreover, in the context of FDCPA claims, the <u>mere threat</u> of bringing such claims as a class justified an award of $24,407.24, representing the attorneys' fees and costs of defending against such claims in a preceding suit. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Hartel*, 782 F.Supp. 22, 23-24 (S.D. N.Y. 1992). Although the *Hartel* court ultimately awarded National Union costs and attorneys' fees pursuant to defendant's indemnity agreement, the court cited plaintiff's threat of bringing insupportable FDCPA class claims when awarding National Union the costs and attorneys' fees. *See Hartel*, 782 F.Supp. at 23-24.

The Court should award NCO all costs and attorney's fees incurred in defending the class claims. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 411 (4th Cir. 1999)(upholding sanctions for FDCPA claims made "without factual foundation.").

3. **<u>NCO Is Entitled To An Award For Costs And Attorney's Fees For Vexatious and Unreasonable Multiplication of Proceedings By Plaintiff's Counsel</u>**

Providing for personal liability by counsel "who so multiplies the proceedings in any case unreasonably and vexatiously," 28 U.S.C. §1927 allows reimbursement of attorneys' fees and "excess costs [and] expenses . . . ." In addition to costs to the aggrieved litigant, such may include nominal expenses of the court. *See Blue v. U.S. Dept. of Army*, 914 F.2d 525, (4th Cir.1990). The Fourth Circuit has upheld sanctions against plaintiff's counsel under 28 U.S.C. § 1927 in addition to those levied against plaintiff under 15 U.S.C. § 1692k(a)(3). *See Chaudhry*, 174 F.3d at 411.

The conduct of plaintiff's counsel— maintaining the allegations of a class through discovery and motion practice, twice extending the period for class discovery, failing to conduct class discovery during the extensions of time only to later simply abandon the class claims— is precisely the type of conduct sanctionable under 28 U.S.C. §1927.  *See Lee v. First Lenders Ins. Svcs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001).  The *Lee* court upheld sanctions imposed and justified by the district court for counsel's "filing of a class action complaint, and permitting the action to proceed with discovery and motion practice for over a year and a half, before abandoning the class claims without explanation, [which] unreasonably and vexatiously multiplied the proceedings.  The court expressly found that baseless class action claims dominated discovery and motion practice for an extended period before Lyons abandoned the class allegations without explanation."  *Id.*  The court ruled:

> As a result of this conduct, First Lenders and other defendants were forced to incur additional costs to defend the case as a class action.  In these circumstances, there was clearly 'a causal connection between the objectionable conduct of counsel and multiplication of the proceedings.'  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997).  The district court properly found that this conduct 'multiplie[d] the proceedings . . . vexatiously and unreasonably' within the meaning of § 1927.

*Lee*, 236 F.3d at 445.

The conduct cited by the *Lee* court does not differ significantly from counsel's conduct in this case.  Upon the Court's request, NCO will submit Affidavits detailing the costs and attorney's fees it has incurred.

7

## CONCLUSION

The foregoing considered, NCO respectfully moves the Court for an Order granting NCO's Rule 41(b)/Rule 56 Motion and dismissing Count I and the class-action portion of the Complaint, as well as an award of costs and attorneys' fees as provided by U.S.C. §1692k(a)(3) and 28 U.S.C. § 1927.

Respectfully submitted,

/s/
Jonathan E. Claiborne, Bar Number 347
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, Maryland 21202
(410) 347-9409
Attorneys for Defendant


/s/
David Israel
Brian D. Roth
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, Suite 3500
New Orleans, LA 70170
504-582-1500
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of March, 2004, a copy of the foregoing **Defendant's Motion for Partial Summary Judgment and Memorandum in Support of Motion for Partial Summary Judgment** were mailed first class, postage pre-paid, to:

>Michael C. Worsham, Esquire
>1916 Cosner Road
>Forest Hill, Maryland  21050-2210
>
>and
>
>Lisa M. Raimondi, Esquire
>Michelle D. Orton, Esquire
>Raimondi & Orton, Ltd.
>Lincoln Professional Center
>4305 North Lincoln Avenue
>Chicago, Illinois  60618

>                    /s/
>Jonathan E. Claiborne

1547886