UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BELLE, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation <br><br> and <br><br> JOHN DOE <br><br> Defendants. | ) ) ) ) ) ) ) ) ) NO.  L 02 CV 3309 ) ) ) ) ) ) ) ) ) |

**PLAINTIFF S  MEMORANDUM IN RESPONSE
TO DEFENDANTS  MOTION FOR PARTIAL SUMMARY
JUDGMENT/DISMISSAL AND AWARD OF COSTS AND ATTORNEY S FEES**

Defendant, NCO Financial Systems, Inc. ( NCO ) has filed a motion for partial summary judgment seeking to dismiss Count I of Plaintiff s Complaint and all class claims.  It has also requested its costs and attorney s fees for its defense of the class action claims.  For the reasons set forth below, Defendant s motion should be denied in its entirety.

**FACTUAL BACKGROUND**

On October 7, 2002, Plaintiff, Deborah Belle ( Belle ), filed a three count Complaint against NCO Financial Systems, Inc. ( NCO ).  Count I of this Complaint was filed as a class action, on behalf of Belle and all other individuals similarly situated, and alleged that NCO violated Section 1692f of the Fair Debt Collection Practices Act ( FDCPA ).  Count I of the Complaint was predicated on

representations made to Belle by an employee of NCO that NCO had implemented a policy that it would no longer accept payments from a debtor through the mail due to the events that occurred on September 11, 2001. (See Belle Aff, ¶ 4 attached as Exhibit "A") Instead, NCO required that payments be made via post-dated checks provided over the telephone. (Belle Aff., ¶ 4)

In response to Plaintiff's Complaint, on December 12, 2002, NCO filed a Motion to Dismiss Count I of Plaintiff's Complaint. While this motion was pending, on May 23, 2003, Plaintiff served discovery upon NCO requesting information regarding Plaintiff's individual and class claims. On July 22, 2003, this Court denied NCO's motion to dismiss stating that it would allow Plaintiff time to complete discovery regarding the class allegations. (July 22, 2003, Memorandum of the Court. . . Allegations, at 6). The Court ordered that a Joint Status Report be prepared setting forth the parties discovery schedule. On August 4, 2003, the parties submitted their report stating that NCO would respond to Plaintiff's previously served discovery prior to September 5, 2003. The parties agreed that they would have until November 4, 2003, to complete any oral discovery.

Although NCO attempted to serve Plaintiff with its responses on September 9, 2003, because it mailed them to an incorrect address for Plaintiff's counsel, Plaintiff did not actually receive NCO's responses until after September 29, 2003. (See Raimondi Aff. ¶ 4 attached as Exhibit "B") NCO had also withheld certain documents claiming that they were subject to a protective order. (Raimondi Aff. ¶ 5) The remaining documents were not produced until after October 30, 2003. (Raimondi Aff. ¶ 6) Because of the delay in receiving written discovery responses from NCO, Plaintiff was forced to request an extension of the discovery deadline. (Raimondi Aff. ¶ 7) As the parties were having a difficult time in scheduling depositions, Plaintiff once again requested an extension to complete discovery. NCO filed a reply to Plaintiff's motion stating that it did not oppose this motion. This Court once again granted the

extension.

During this time period, Plaintiff had an opportunity to review the discovery provided by NCO and given the difficulty in locating the necessary deponents who are no longer employed by NCO, she believed that further pursuit of the class claims would be fruitless. Prior to the expiration of the discovery cut-off period, Plaintiff s counsel notified NCO s counsel that Plaintiff did not intend to pursue her class claims. Plaintiff did not file a motion to voluntarily dismiss these claims because at the suggestion of NCO s counsel, settlement negotiations were discussed instead. Plaintiff tendered a reasonable offer to NCO. In response, NCO filed the current motion.

## **ARGUMENT**

**I.   SUMMARY JUDGMENT IS NOT APPROPRIATE WITH REGARDS TO COUNT I OF PLAINTIFF S COMPLAINT**.

As stated by NCO in its motion, under Fed. R. Civ. P. 56(c), summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue of material facts and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). The party moving for summary judgment bears the burden of establishing that there is no genuine issue of material fact. Celotex Corp., 477 U.S. at 322, 106 S.Ct. 2548 (1986). However, when considering a motion for summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the party opposing summary judgment. *See* Griffin v. Thomas, 929 F.2d 1210, 1212 (7th Cir.1991). Thus, summary judgment is not appropriate where, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *See,* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As demonstrated below, NCO has failed to sustain its burden of demonstrating that there is

no genuine issue of material fact with regards to Count I of Plaintiff s Complaint.[1]

In Count I of Plaintiff s Complaint as to Plaintiff individually, Plaintiff alleged that NCO violated section 1692f of the Fair Debt Collection Practices Act ( FDCPA ), when one of its collectors informed Plaintiff that NCO was no longer accepting payments through the mail due to the tragedy that occurred on September 11, 2001, and that in order to pay her debt she was required to provided NCO with post-dated checks over the phone. (Complaint ¶ 38, Belle Aff. ¶ 4, Exhibit G to NCO s Responses to Plaintiff s Request for Production of Documents attached as Exhibit C)  In her Complaint, Plaintiff alleges that this was an unfair and unconscionable means of collecting a debt. (Complaint ¶ 40)  In its present motion, NCO fails to provide any evidence that the above actions did not occur to Plaintiff. Thus, it has failed to sustain its burden of demonstrating that there is no genuine issue of material fact with regards to Count I of Plaintiff s complaint.

Congress passed the FDCPA to protect consumers from debt collectors  abusive debt collection practices. Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002) *citing* Kaplan v. Assetcar, Inc., 88 F.Supp.2d 1355, 1360-1361 (S.D. Fla. 2000).   Section 1692f [of the Act] allows the court to sanction improper conduct that the FDCPA fails to address specifically.  Bryant v. Bonded Accounts Service/Check Recovery, Inc., 208 F.R.D. 251, 258 (D. Minn. 2000) *citing* Adams v. Law Offices of Stuckert & Yates, 926 F.Supp. 521, 528 (E.D. Pa. 1996).  This section states in part that  [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   15

---

[1] Plaintiff does not dispute that, after conducting discovery, she believes that it would be in the best interests of all parties to withdraw her class allegations due to the unavailability of evidence needed for class certification.  Prior to NCO filing this motion, her counsel had informed NCO s counsel of her intentions.  However, the abandonment of the class allegations does not preclude Plaintiff from pursuing Count I in an individual capacity and NCO has not demonstrated that it is entitled to summary judgment as to Plaintiff individually.

U.S.C. § 1692f. In determining whether a collector s actions violate the FDCPA, courts apply an objective test based on the understanding of the least sophisticated consumer. <u>Canterbury v. Columbia Gas of Ohio</u>, No. C2-99-1212, 2001 WL 1681132, *6 (S.D. Ohio Sept. 25, 2001). This standard attempts to effectuate the goal of consumer protection laws by protecting consumers of below-average sophistication or intelligence who are especially vulnerable to fraudulent schemes. <u>Id</u>.

The pleadings in this case, along with NCO s discovery responses and the Affidavit of Plaintiff, demonstrate that a genuine issue of material fact exists as to whether or not NCO violated the FDCPA by using a unconscionable and unfair method to collect a debt from Plaintiff. Plaintiff asserts that on October 10, 2001, she spoke with a representative of NCO. (Complaint ¶ 12, Belle Aff. ¶ 1) This is confirmed by NCO in its responses to Plaintiff s discovery requests. (See Exhibit A to NCO s Responses to Plaintiff s Request for Production of Documents, NCO Interrogatory Response No. 17 attached as Exhibit  D ) It was during this conversation that Plaintiff alleges that NCO used the September 11th tragedy to coerce her into believing that she could no longer send payments to NCO through the mails but instead had to provide  post dated  checks over the telephone. (Complaint. ¶ 12, Belle Aff. ¶ 4). She also asserts that she was told by an employee of NCO that due to the events of September 11, 2001, it was NCO s policy to no longer accept payments through the mail. (Complaint ¶ 12, Belle Aff. ¶ 4), Exhibit G to NCO s Responses to Plaintiff s Request for Production of Documents). NCO has provided nothing to dispute that the above statements were made to Plaintiff.

Viewing the above, and any inferences to be drawn from it in the light most favorable to Plaintiff, as this Court is required to do, a reasonable jury could deduce that the complained of activity took place and that under the FDCPA, this was an unconscionable means of collecting a debt. Thus, Plaintiff should be allowed to proceed with presenting her case to the jury and NCO s motion for

summary judgment should be denied.

## II. NCO IS NOT ENTITLED TO COSTS OR ATTORNEY'S FEES UNDER EITHER THE FDCPA OR SECTION 1927 OF THE UNITED STATES CODE.

NCO also argues that it should be awarded costs and attorney's fees either under the FDCPA or under 28 U.S.C. § 1927 because, after conducting reasonable discovery, Plaintiff has chosen not to pursue her class claims. In support of its motion, NCO claims that Plaintiff and her counsel "fought through motion practice to continue this suit as a putative class action" and "sought and availed themselves of 2 extensions in time to complete such discovery but <u>sought none</u>, only to later abandon class claims altogether." (NCO Motion at pg. 5) As demonstrated below, neither Plaintiff's nor her counsel's actions, warrant the awarding of attorney's fees to NCO.

### A.    <u>NCO is Not Entitled to Attorney's Fees Under the FDCPA</u>.

As stated by NCO, the FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). However, a defendant who claims attorney's fees under the FDCPA has the heavy burden of proving the plaintiff's subjective bad faith or malice and the plaintiff's harassing purpose in instituting the FDCPA action. <u>Conley v. KCA Financial Services, Inc.</u>, 931 P2d 808 (Or. App. 1997). Moreover, the defendant must first prevail against the consumer's FDCPA claim before seeking attorney's fees. <u>Savino v. Computer Credit, Inc.</u>, 164 F.3d 81 (2nd Cir. 1998). NCO's motion fails as it does not meet either element set forth above.

First, NCO has not prevailed on any of Plaintiff's FDCPA claims, thus any motion under 15 U.S.C. § 1692k(a)(3) is premature. Next, in its motion for the award of attorney's fees, NCO does not

even raise the argument that Plaintiff s FDCPA claim was brought in bad faith and for the purpose of harassment. Instead, NCO argues that it is entitled to attorney s fees and costs because Plaintiff should not have filed this action on behalf of a class. However, this is not a basis for awarding fees under 15 U.S.C. § 1692k(a)(3) and NCO has failed to provide any legal support that it does. In two of the cases cited by NCO, the defendants did not request an award of attorneys fees and costs under 15 U.S.C. § 1692k(a)(3) and thus, the cases are inapplicable to the case at bar. *See*, Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331 (4th Cir. 1998) (involving franchisees bringing a class action against franchiser for misuse of funds); In the Matter of Rhone-Poulenc Rorer Inc., 51 F.3d 1293 (7th Cir. 1995) (involving hemophiliacs who sought class certification against manufacturers after being affected with HIV).

      The other two cases cited by NCO are equally unavailing. NCO has completely misapplied the holding of National Union Fire Insurance Co. v. Hartel, 782 F.Supp. 22 (S.D.N.Y. 1992). According to NCO, the holding of this case is that, in the context of FDCPA claims, the mere threat of bringing such claims as a class justified an award of $24,407.24, representing the attorney s fees and costs of defending against such claims in a preceding case. (NCO Motion pg. 6) However, in National Union, the court was concerned with whether an insurer was entitled to recover attorney fees under its contract with the debtor for a prior related suit. In the prior suit, National City had commenced a declaratory action requesting that the court rule that filing a suit against Hartel for enforcement of a promissory note did not violate the FDCPA. National Union, 782 F.Supp. 22, 23 (S.D.N.Y. 1992). The court awarded National Union attorney s fees not because it had been threatened with a class action suit but because the FDCPA suit was connected to National City s enforcement of the promissory note. Id.

      Chaudhry v. Gallerizzo, also cited by NCO, is distinguishable from the case at bar as well. 174

F.3d 394 (4th Cir. 1999). In Chaudhry, the court stated that a complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions. 174 F.3d 394, 410 (4th Cir. 1999). Judgment was entered on behalf of the defendant and the court awarded sanctions against the plaintiff. In awarding sanctions, the court relied on a tape-recorded transcript of the conversation that plaintiffs alleged violated the FDCPA and determined that no rational person could have interpreted what was said in the manner that plaintiff had interpreted it. Based on this tape-recording, it ruled that the complaint filed by plaintiff was done so in bad faith and solely for the purpose of harassing defendant. Id.

Therefore, even assuming 15 U.S.C. § 1692k(a)(3) allowed for attorney's fees and costs for filing a class action that Plaintiff later determined not to pursue as a class action, NCO has not shown that Plaintiff's actions are tantamount to bad faith. Plaintiff initially filed this Complaint as a class action based on the statement by an NCO employee that it was now a "policy" of NCO to refuse to accept payments in the mail due to the events that occurred on September 11, 2001. (Belle Aff. ¶ 4) NCO has not provided any substantial evidence to disprove this fact. Unlike in Chaudhry, a rational person could deduce that when told that a "policy" had been implemented, more individuals than just Plaintiff had been affected. After conducting discovery, and finding little, if any additional evidence, that this "policy" existed or was enforced against other debtors.[2] Plaintiff has decided to abandon her class claims. Without more, this does not demonstrate that Plaintiff acted in bad faith nor that her sole purpose was to harass NCO. In fact, this is the very purpose of class discovery – to determine whether

---

[2] Plaintiff cannot be blamed that an employee of NCO lied to her by telling her that this policy existed and was being applied to all debtors.

enough evidence exists to certify a class. Here it did not. Instead of pursuing these allegations, Plaintiff has chosen the proper cause of action - to drop the class claims and simply pursue her case as an individual. Therefore, NCO's motion for attorney's fees and costs under the FDCPA should be denied.

    B.    <u>NCO Is Not Entitled to Attorney's Fees and Costs Under Section 1927 of the United States Code</u>.

NCO has also requested sanctions under section 1927 of the United States Code. Section 1927 provides for personal liability by counsel "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. However, similar to the argument raised above, NCO has failed to sustain its burden of demonstrating that the conduct of Plaintiff's counsel was such that sanctions are warranted. As stated above, at the time of the filing of this Complaint, Plaintiff and her counsel had a reasonable basis for believing that Count I of Plaintiff's Complaint could proceed as a class action. In denying NCO's Motion to Dismiss, this Court granted Plaintiff time to conduct discovery regarding the class allegations. Plaintiff served both interrogatories and document requests upon NCO in an effort to substantiate its class allegations. NCO is now requesting that Plaintiff's counsel be sanctioned for complying with this Court's previous order.

In its motion, NCO attempts to bolster its argument by representing to this Court that Plaintiff filed two (2) frivolous motions requesting and extension in the discovery time period. NCO, however, neglects to state that the first extension Plaintiff requested was because Plaintiff did not receive the discovery documents she requested from NCO until almost two (2) months after their due date. The documents were due on September 5, 2003, yet Plaintiff's counsel did not receive them until after October 23, 2003. With the original date to complete oral discovery set for November 4, 2003, this did not give Plaintiff's counsel adequate time to review the documents and determine whether oral discovery

9

would be necessary. Therefore, Plaintiff requested the first extension granted by this Court. Plaintiff s counsel also requested a second extension as it took time to review the discovery provided by NCO and make the determination as to whether or not to proceed with depositions. After review of the documents and answers to interrogatories, Plaintiff s counsel determined that it would be difficult to prove, despite what Plaintiff had been by the NCO employee, that NCO had implemented the policy as alleged in Plaintiff s Complaint. Instead of incurring the cost of taking depositions and requiring NCO to incur the cost of defending these depositions, Plaintiff s counsel informed NCO s counsel that it intended to withdraw its class allegations. This motion ensued.

It is clear from the above that NCO has failed to demonstrate that Plaintiff s counsel unreasonably and vexatiously multiplied these proceedings. In fact, Plaintiff is reasonably limiting the size and nature of this suit, not unreasonably and vexatiously multiplying the proceedings as NCO argues. NCO essentially asks the Court to reimburse it for a motion it already was unsuccessful in bringing and for additional discovery it did not have to respond to because Plaintiff judiciously chose not to take depositions. As such, NCO is not entitled to recoup any costs or fees that it has expended thus far in this case and its motion should be denied.

## CONCLUSION

NCO has failed to demonstrate that there are no genuine issues of material fact with regards to Count I of Plaintiff s Complaint. It also fails to sustain its burden that Plaintiff and her counsel have acted in bad faith with the sole purpose of harassing NCO warranting an award of attorney s fees on behalf of NCO. Therefore, Plaintiff and her counsel, respectfully request that this Court deny NCO s motion in its entirety.

DATED: April 16, 2004

Respectfully submitted,

|  | /s/ |
|---|---|
| Michael C. Worsham | Lisa M. Raimondi, Admitted *pro hac vice* |
| 1916 Cosner Road | Michelle D. Orton, Admitted *pro hac vice* |
| Forest Hill, Maryland 21050 | Raimondi & Orton, Ltd. |
| (410) 557-6192 | 4305 N. Lincoln Avenue |
| Maryland Federal Bar # 25923 | Chicago, Illinois 60618 |
|  | (773) 296-6583 |

Attorneys for Plaintiff