UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BELLE,<br>Individually, and on behalf<br>of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>A Pennsylvania Corporation<br><br>Suite 210<br>891 Elkridge Landing Road<br>Lintchcum, Maryland 21090<br><br>and<br><br>JOHN DOE<br><br>      Defendants. | )<br>)<br>)<br>)<br>)    NO. L 02 CV 3309<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT/DISMISSAL and AWARD OF COSTS AND ATTORNEYS' FEES**

     Defendant, NCO Financial Systems, Inc. (NCO), submits this Reply Memorandum in Support of its Motion for Partial Summary Judgment seeking to dismiss Count I of the Class Action Complaint and all class claims pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 56.

     **A.  Dismissal Of Class Action**

     The Scheduling Order required that plaintiff move for class certification on or before March 23, 2004. Despite multiple extensions, plaintiff failed to so move and

concedes that the class claims are now abandoned. NCO is entitled to a dismissal of the class action and class claims pursuant to Fed. R. Civ. P. 41(b).

### B. Dismissal of Count I

To the extent Count I consists of class claims, the claims are abandoned and should be dismissed. To the extent Count I asserts an individual claim by plaintiff, the claim should be dismissed pursuant to Fed. R. Civ. P. 56. After dismissal of all class claims pursuant to Rule 41(b), plaintiff's argument raises no issue pursuant to Rule 56 that is material to the allegations of Count I. The primary procedural problem for plaintiff is that she is a member of the class of individuals who cannot now bring a Count I claim. The crux of Count I is: Because there is a policy of not accepting payments by check, everyone subjected to this policy should recover. *See* Complaint, ¶ 30. Plaintiff's Count I includes herself within the class of people subjected to this "policy." Plaintiff cannot escape the consequences of intertwining—then abandoning— her own claims with the claims of a putative class. By operation of Rule 41(b), it is irrefutable that no such class exists, and no evidence has been or can be adduced to support a "policy." Rule 56 is a proper mechanism for disposing of all Count I claims, including those of plaintiff individually, which claim is based on being subjected to a "policy" that did not exist.

### C. Attorney's Fees

Regardless of the Court's determination regarding plaintiff's individual claim under Count I, an award of attorney's fees to NCO is an appropriate consequence of plaintiff's persistence in bringing, maintaining and then abandoning the insupportable

class claims. The Court allowed plaintiff a discovery period in which to investigate the alleged class claims. Plaintiff propounded written discovery that did not directly address the primary issue – the existence of a policy applicable to a class. *See* discovery attached as Exhibit "A". Despite 2 extensions, plaintiff conducted no further discovery before simply abandoning the class claims, for which there was never any evidence in the first place.

Plaintiff can point to no shelter from the operation of 15 U.S.C. § 1692k(a)(3) for an award of attorney's fees to NCO. Instead, plaintiff incorrectly attempts to craft two additional "elements" for an award that are neither mentioned in the statute itself, nor in the cases plaintiff cites. The statute is clear: "On a <u>finding</u> by the court that an action under this section was <u>brought</u> in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3)(emphasis added). Consistent with the burden of proof in general, a plaintiff must prevail in the litigation in order to be awarded attorney's fees (*see* 15 U.S.C. § 1692k(a)(3)(providing for an award to plaintiff "in the case of any successful action to enforce the foregoing liability . . . ." The "successful action" condition has no application for a defendant to recover attorney's fees. Instead, the statute allows the court to make a "finding" that if suit "was brought in bad faith" attorney's fees may be awarded. *See id.*. This standard promotes judicial economy by not requiring a frivolous case to be litigated to judgment.

The first case offered by plaintiff, *Conley v. KCA Financial Services, Inc.*, 931 P.2d 808, 810 (Or. App. 1997), grafts no additional requirement upon § 1692k(a)(3) for a

defendant to litigate a case to conclusion, but instead supports the plain wording of the statute. The *Conley* Court reversed an award to defendant because "the court made <u>no finding</u> as to the basis for its award of attorney fees." *Id.* (emphasis added).

Under plaintiff's interpretation of § 1692k(a)(3), any plaintiff could thwart the remedial nature of the statute by dismissing suit, preventing the case from being litigated to judgment, and thereby deprive an aggrieved defendant from recovering statutory attorney's fees. As the statute indicates, a plaintiff need only "bring" a suit "in bad faith and for purposes of harassment" to trigger an award for an aggrieved defendant. *See* 15 U.S.C. § 1692k(a)(3).

The second case offered by plaintiff, *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86, 88 (2nd Cir. 1998) actually supports such a plain reading of the text: "All that is required for an award of statutory damages is proof that the statute was violated . . . ," but it is plaintiff alone who must "prevail" on the Complaint in order to recover attorney's fees. Under the plain language of § 1692k(a)(3), an award of attorney's fees to NCO is justified because plaintiff indeed "brought" a putative class suit that was insupportable from the outset and remains insupportable today. The suit was brought in bad faith and for harassment as evidenced by plaintiff's simultaneous inaction on the merits and persistence in maintaining Count I.

Plaintiff did not address an award of attorney's fees and costs under 28 U.S.C. § 1927 and had no response to *Lee v. First Lenders Ins. Svcs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001). The *Lee* opinion remains on point. The court upheld sanctions imposed and justified by the district court for counsel's "filing of a class action complaint, and

permitting the action to proceed with discovery and motion practice for over a year and a half, before abandoning the class claims without explanation, [which] unreasonably and vexatiously multiplied the proceedings.  The court expressly found that baseless class action claims dominated discovery and motion practice for an extended period before Lyons abandoned the class allegations without explanation."  *Id.*  The court ruled:

> As a result of this conduct, First Lenders and other defendants were forced to incur additional costs to defend the case as a class action.  In these circumstances, there was clearly 'a causal connection between the objectionable conduct of counsel and multiplication of the proceedings.' *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997).  The district court properly found that this conduct 'multiplie[d] the proceedings . . . vexatiously and unreasonably' within the meaning of § 1927.

*Lee*, 236 F.3d at 445.

## CONCLUSION

The foregoing considered, NCO respectfully moves the Court for an Order granting NCO's Fed. R. Civ. P.  41(b) and Fed. R. Civ. P.  56 Motion, dismissing the class-action portion of the Complaint, as well as Count I as to the claims of the non-existent class and plaintiff individually, granting as well an award of costs and attorneys' fees as provided by U.S.C. §1692k(a)(3) and 28 U.S.C. § 1927.

Respectfully submitted,

 */s/ Jonathan E. Claiborne*
Jonathan E. Claiborne, Bar Number 347
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street, Suite 1400
Baltimore, Maryland 21202
410-347-8700

and

David Israel (La. Bar No. 7174)
SESSIONS, FISHMAN & NATHAN L.L.P.
201 St. Charles Avenue, Suite 3500
New Orleans, LA  70170
Telephone:  504-582-1500
Facsimile:   504-582-1523

*Attorneys for Defendant*,
NCO Financial Systems, Inc.

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April 2004, a copy of the foregoing Rely Memorandum in Support of Motion for Partial Summary Judgment/Dismissal and Award of Costs and Attorneys' Fees was electronically filed today through ECF.

 /s/ Jonathan E. Claiborne  
Jonathan E. Claiborne

*1552735*