UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BELLE, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation <br><br> and <br><br> JOHN DOE <br><br> Defendants. | ) ) ) ) ) ) ) ) ) NO.  L 02 CV 3309 ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF, DEBORAH BELLE'S FIRST SET OF INTERROGATORIES TO DEFENDANT, NCO FINANCIAL SYSTEMS, INC.

The Plaintiff, Deborah Belle, requests that the Defendant answer, under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories:

### INSTRUCTIONS AND DEFINITIONS

A. Answers to the Interrogatories must be furnished within thirty (30) days of the service of these Interrogatories.

B. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information that is known by each of them. An incomplete or evasive answer is a failure to answer.

C. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part that can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

1



D. Unless otherwise specified in a particular paragraph, "Defendant" is to mean NCO Financial Systems, Inc., its officers, employees or agents.

E. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each interrogatory is considered continuing, and if Defendant obtains information that renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

F. The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

G. A request to identify a document is a request to state as applicable:

1. The date of the document;
2. The type of document;
3. The names and present addresses of the person or person who prepared the document and of the signers and addressers of the document;
4. The name of the employer or principal whom the signers, addressers and preparers were representing;
5. The present location of the documents;
6. The name and current business and home address of the present custodians of the original document, and any copies of it;
7. A summary of the contents of the document; and
8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

H. If any Interrogatories may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## INTERROGATORIES

1. State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s), agent(s) or any other person answering or providing any information used to answer each Interrogatory.

2. State the name, title, alias, business and home address and telephone number and job description of each person, whether an officer, partner, director, employee, or agent or contractor of Defendant who contacted Plaintiff, Deborah Belle, in an attempt to collect a debt.

3. State the legal name, business and home address and telephone number and job description of Mr. Ewald, or any person who had ever used that or another name, who spoke with Plaintiff, Deborah Belle, regarding her account that is the subject of this suit.

4. If any individual who contacted Plaintiff is no longer employed by Defendant, state the date of and reason for termination of employment of such individual, as well as the last known address and telephone number for that person.

5. State the names, aliases, job title, business and home addresses and telephone numbers for those individuals who have left your employ within the last two years who had any knowledge of the facts of this case.

6. State the names, aliases, job title, business and home addresses and telephone numbers for those individuals who have left your employ within the last two years who were involved with post-dated check payments from debtors to Defendant.

7. State the names, aliases, job title, business and home addresses and telephone numbers for all individuals employed by Defendant from September 11, 2001 to December 31, 2001 who had any knowledge of the facts of this case.

8. State the names, aliases, job title, business and home addresses and telephone numbers for all individuals employed by Defendant from September 11, 2001 to December 31, 2001 who were involved with post-dated check payments from debtors to Defendant.

9. Identify and describe each document known to Defendant that is related to the account of Plaintiff, Deborah Belle.

10. Identify the number of individuals who provided payments to the Defendant through the U.S. mail (a) prior to September 11, 2001 and (b) after September 11, 2001.

11. Identify the number of individuals who provided payments to the Defendant via post-dated checks given over the telephone (a) prior to September 11, 2001 and (b) after September 11, 2001.

12. Identify the names and addresses of those individuals who provided payments to the Defendant via post-dated checks given over the telephone after September 11, 2001.

13. Identify or estimate the number of written correspondence received by Defendant per day or other measurable time period through the U.S. Mail (a) before September 11, 2001 and (b) after September 11, 2001 .

14. Identify and describe any documents used to describe, record or establish Defendant's methods and techniques or policies used in the collection of consumer accounts from January 2001 through the present date, and the date of each or any change in these methods.

15. Identify and describe the procedures Defendant maintains or operates to monitor the communications between its employees and consumers and what is said, or required to be said, during a telephone conversation.

16. Identify whether Defendant records telephone conversations with debtors

and whether any telephone conversations with Plaintiff, Deborah Belle, were recorded, and if any such recordings existed but were destroyed, describe the date, reason and details of the destruction.

17. Identify the time, date and substance of any telephone conversation between Defendant and Plaintiff, Deborah Belle.

18. State the amount of all payments made to Defendant by Plaintiff, Deborah Belle and the dates that such payments were credited, and the precise method or mechanism by which payment was transferred from Plaintiff, Deborah Belle, to Defendant.

19. Identify all internal and external documents regarding Defendant's compliance with the Fair Debt Collection Practices Act.

20. Identify by name, position, address and telephone number all non-expert witnesses Defendant proposes to call at trial.

21. Identify all exhibits Defendant proposes to introduce at trial.

22. Identify each person whom the Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

23. Identify all persons other than Plaintiff, Deborah Belle, that Defendant accepted payments via U.S. Mail prior to September 11, 2001, which Defendant no longer accepted payments from via U.S. Mail after September 11, 2001.

DATED: May 22, 2003

Respectfully submitted,

_/s/_____

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050
(410) 557-6192
Maryland Federal Bar # 25923

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
Admitted Pro Hac Vice

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Deborah Belle's First Set of Interrogatories to Defendant, NCO Financial Systems, Inc. was mailed, first class, postage prepaid, on the 23th day of May, 2003 to the following counsel for Defendants:

Jonathon E. Claiborne
Jennifer Ryan Lazenby
Whiteford, Taylor & Preston, L.L.P.
400 Court Towers
210 West Pennsylvania Avenue
Towson, MD 21204
(410) 832-2000
Attorneys for Defendants

David Israel
Brian D. Roth
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Avenue, Suite 350
New Orleans, LA 70170
(504) 582-1500
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH BELLE,<br>individually, and on behalf<br>of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FINANCIAL SYSTEMS, INC.,<br>ısylvania Corporation<br><br><br><br>J DOE<br><br>　　　　　Defendants. | NO.   L 02 CV 3309 |

PLAINTIFF, DEBORAH BELLE'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT, NCO FINANCIAL SYSTEMS, INC.

The Plaintiff, Deborah Belle, requests that the Defendant answer, under oath, in accordance with Rule 34 of the Federal Rules of Civil Procedure, the following request for production of documents:

INSTRUCTIONS AND DEFINITIONS

A. Answers to the Requests for Production of Documents must be furnished within thirty (30) days of the service of these Interrogatories.

B. Unless otherwise specified in a particular paragraph, "Defendant" is to mean NCO Financial Systems, Inc., its officers, employees or agents.

C. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each document request is considered continuing, and if Defendant obtains information that renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

D. The terms "document" or "documents" in these Requests shall refer to all writings and

1

recorded materials, of any kind that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

## REQUESTS

1. All documents relating to the alleged debt of Plaintiff, Deborah Belle and the collection thereof.

2. All documents relating to Defendant's activities to collect Plaintiff, Deborah Belle's, debt including but not limited to correspondence and telephone logs.

3. All documents relating to all payments made through any means by Plaintiff, Deborah Belle.

4. All documents relating to all payments made by Plaintiff, Deborah Belle, that were cashed or were attempted to be cashed by Defendant.

5. All internal documents, memoranda, etc., of the Defendant's policies and procedures regarding its collection efforts beginning September 11, 2001 to the present date.

6. All internal documents, memoranda, etc. of the Defendant's policies and procedures regarding its collection efforts for the year prior to September 11, 2001.

7. Copies of all notices utilized by Defendant in connection with post-dated checks.

8. Copies of all notices provided to Plaintiff, Deborah Belle, in connection

with the post-dated checks provided by Deborah Belle to Defendant.

9. All operation manuals, memos, instructions or similar documents, etc., utilized by Defendant in connection with post-dated checks.

10. All operation manuals, memos, instructions or similar documents, etc., utilized by Defendant in connection with its employees telephone calls placed to consumers.

11. All documents relied on by Defendant in response to Plaintiff's First Set of Interrogatories.

12. Copies of all reports and documents utilized by an expert that Defendant proposes to call at trial.

13. All exhibits that Defendant proposes to introduce at trial.

14. All documents that contain information, data, records or tables regarding Defendant's receipt of payments via post-dated checks (a) before September 11, 2001 and (b) after September 11, 2001.

DATED: May 22, 2003

Respectfully submitted,

_____

Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050
(410) 557-6192
Maryland Federal Bar # 25923

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
Admitted Pro Hac Vice

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Deborah Belle's First Request for Production of Documents to Defendant, NCO Financial Systems, Inc. was mailed, first class, postage prepaid, on the 8th day of May, 2003 to the following counsel for Defendants:

Jonathon E. Claiborne
Jennifer Ryan Lazenby
Whiteford, Taylor & Preston, L.L.P.
400 Court Towers
210 West Pennsylvania Avenue
Towson, MD 21204
(410) 832-2000
Attorneys for Defendants

David Israel
Brian D. Roth
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Avenue, Suite 350
New Orleans, LA 70170
(504) 582-1500
Attorneys for Defendants